UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL HILTON,                       :

    Petitioner,                   :

V.                                    :  CASE NO. 3:08-CV-1857 (RNC)

THERESA LANTZ,                        :

    Respondent.                   :

RULING AND ORDER

In December 2008, petitioner brought this action for a writ of habeas corpus under 28 U.S.C. § 2254 complaining about delay he was experiencing on a then-pending appeal from a denial of a state habeas petition.  Soon after he commenced this action, he withdrew his state court appeal, a new trial having been ordered on the underlying state habeas petition.  Respondent now moves to dismiss the present petition on the ground that petitioner's claim is not cognizable in an action under § 2254.  For the reasons that follow, respondent's motion to dismiss is granted.

I.   Background

In 1995, petitioner was convicted of murder and other offenses and sentenced to a total term of imprisonment of sixty years.  His conviction was affirmed on direct appeal.  See State v. Hilton, 45 Conn. App. 207, 694 A.2d 830, *cert. denied*, 243 Conn. 925, 701 A.2d 659 (1997), *cert. denied*, 522 U.S. 1134 (1998).  He then filed a petition for habeas corpus in state court, which was dismissed in July 2001.  See Thorpe v. Warden,

No. CV 000801326S, 2001 WL 950210 (Conn. Super. July 13, 2001), *aff'd sub nom* <u>Thorpe v. Commissioner</u>, 73 Conn. App. 773 (2002).[1] In the interim, he sought habeas review in this court, but his petition was dismissed in March 2000 for failure to exhaust state remedies.  <u>See</u> <u>Hilton v. Strange</u>, No. 98cv1927(RNC)(DFM).

In 2003, petitioner filed a second petition for writ of habeas corpus in state court, alleging ineffective assistance of his trial, appellate and habeas counsel.  <u>See</u> <u>Hilton v. Warden</u>, No. CV030825394, 2005 WL 2649977 (Conn. Super. Sept. 14, 2005). A trial on the merits of the petition was held on April 15, May 20 and July 8, 2005.  The petition was denied and petitioner appealed.  While the appeal was pending, petitioner's attorney learned that there was no tape recording or transcript for the proceeding conducted on April 15, 2005.  The attorney filed a motion for reconstruction of the proceeding.  Later, he filed a motion for a new trial on the claims presented in the habeas petition.  In September 2008, the trial court granted the motion and ordered a new trial.  Petitioner subsequently withdrew his appeal.  (<u>See</u> Resp't's Mem. Exs. B-D.)

Petitioner commenced this action in December 2008, before the appeal in his second state habeas action was withdrawn.  The pro se petition complains about delay in the state appellate process and references the appeal of the second state habeas

---

[1]Petitioner is also known as Jerome Thorpe.

action.

II.  <u>Discussion</u>

     Section 2254 enables a state prisoner to seek federal habeas
relief on the ground that his confinement violates the
Constitution or federal laws.  28 U.S.C. § 2254(a).  In order to
be cognizable in federal court, a state prisoner's habeas claim
typically must "call into question the lawfulness of [his]
conviction or confinement" or "seek immediate or speedier
release."  <u>Heck v. Humphrey</u>, 512 U.S. 477, 481-83 (1994).  <u>See
also</u>, <u>e.g.</u>, <u>Otey v. Hopkins</u>, 5 F.3d 1125, 1130-32 (8th Cir. 1993)
(due process challenge to clemency procedures is cognizable under
42 U.S.C. § 1983 but not in habeas corpus proceedings); <u>Gibson v.
Jackson</u>, 578 F.2d 1045, 1050 (5th Cir. 1978) (claim seeking
declaratory judgment that state was constitutionally required to
afford petitioner appointed counsel in state postconviction
proceedings should have been brought under § 1983, not in habeas
petition).

     Petitioner does not appear to be challenging the lawfulness
of his conviction or confinement, but rather the lawfulness of
the second state habeas proceeding.  Specifically, he contends
that delay in the adjudication of the now withdrawn appeal –
caused mainly by the lack of a complete record of the habeas
trial – violated his Fifth Amendment right to due process.
Respondent argues that the petition should be dismissed because

"'a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings.'" (Resp't's Mem. 4 (quoting <u>Franzen v. Brinkman</u>, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam)).)

The Second Circuit has not addressed the question whether a state prisoner's challenge to deficiencies in state collateral proceedings is cognizable in a federal habeas action under § 2254.  With one exception, every other circuit court to consider the question has held that such a challenge is not cognizable. <u>See</u>, <u>e.g.</u>, <u>Lawrence v. Branker</u>, 517 F.3d 700, 717 (4th Cir. 2008), <em>cert. denied</em>, 129 S. Ct. 162 (2008); <u>Bell-Bey v. Roper</u>, 499 F.3d 752, 756 (8th Cir. 2007), <em>cert. denied</em>, 128 S. Ct. 2426 (2008);  <u>Cress v. Palmer</u>, 484 F.3d 844, 853 (6th Cir. 2007); <u>Beazley v. Johnson</u>, 242 F.3d 248, 271 (5th Cir. 2001), <em>cert. denied sub nom.</em> <u>Beazley v. Cockrell</u>, 534 U.S. 945 (2001); <u>Mason v. Myers</u>, 208 F.3d 414 (3d Cir. 2000); <u>Phillips v. Ferguson</u>, 182 F.3d 769, 772-73 (10th Cir. 1999); <u>Villafuerte v. Stewart</u>, 111 F.3d 616, 632 n.7 (9th Cir. 1997), <em>cert. denied</em>, 522 U.S. 1079 (1998);  <u>Montgomery v. Meloy</u>, 90 F.3d 1200, 1206 (7th Cir. 1996) (per curiam), <em>cert. denied</em>, 519 U.S. 907 (1996); <u>Spradley v. Dugger</u>, 825 F.2d 1566, 1568 (11th Cir. 1987).  The one exception is the First Circuit, which held in <u>Dickerson v. Walsh</u>, 750 F.2d

150 (1984), that "where the root of the action is an attack upon the detention or the duration of custody, habeas corpus, not a § 1983 suit, is the appropriate means of seeking redress regardless of whether the original conviction is the basis of the claim." Id. at 153 (citing Preiser, 411 U.S. at 491).

Petitioner has not specified the relief he seeks.  Nor has he alleged facts showing that the delay in the adjudication of his state habeas petition has resulted in his unlawful confinement.  For these reasons, his present claim does not appear to be cognizable in this Court.  Even if his claim were cognizable, moreover, he has not yet raised it in state court, as required by the exhaustion doctrine.  See  28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State.").

"The purpose of the exhaustion doctrine is to afford the state courts, which have an equal responsibility with the federal courts to vindicate federal constitutional rights, the first opportunity to remedy a constitutional violation."  Dickerson, 750 F.2d at 154 (citing Fay v. Noia, 372 U.S. 391, 418-19 (1963). There is no indication that petitioner has given the state courts

an opportunity to consider his claim that, because of the delay he encountered on the appeal from the denial of his second state habeas petition, his continued detention violates federal law. For this reason alone, his petition may be dismissed.  See Dickerson, 750 F.2d at 154.

III. Conclusion

Accordingly, respondent's motion to dismiss is hereby granted.  Because reasonable jurists would not find it debatable that the petition should be dismissed, a certificate of appealability will not issue.

So ordered this 23rd day of July 2009, at Hartford, Connecticut.

                              /s/ RNC
                          Robert N. Chatigny
                     United States District Judge